**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **UNITED STEELWORKERS OF AMERICA, AFL-CIO/CLC,** | |
| Plaintiff, | 2005-CV-0021 |
| v. | |
| **GOVERNMENT OF THE VIRGIN ISLANDS,** | |
| Defendant. | |

TO:   Michael J. Sanford, Esq.
      Carol Thomas-Jacobs, Esq., AAG

## ORDER REGARDING DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENA DUCES TECUM

THIS MATTER came before the Court upon Defendant's Motion For Protective Order and to Quash Subpoena Duces Tecum Served on the Department of Finance and Division of Personnel (Docket No. 98). Plaintiff filed an opposition to said motion. The Court shortened the time for filing a reply and such time now has expired.

At issue are subpoenas duces tecum Plaintiff served upon the Government of the Virgin Islands, Department of Finance, and Government of the Virgin Islands, Division of Personnel. Defendant asserts, as its primary argument, that a subpoena duces tecum issued pursuant to Fed. R. Civ. P. 45 cannot be served upon a party, that a request for production

*United Steelworkers of America v. Government of the Virgin Islands*
2005-CV-0021
Order Regarding Defendant's Motion For Protective Order and to Quash
Page 2

for documents pursuant to Fed. R. Civ. P. 34 is the only procedure for obtaining documents from a party. The Court disagrees with Defendant's interpretation of the rules. Regarding the cases cited by Defendant in support of its position, the Court finds those cases nonprecedential and respectfully declines to follow the holdings of those cases.

As the United District Court for the Western District of North Carolina observes in *Mortgage Information Services, Inc. v. Kitchens*, 210 F.R.D. 562 (W.D.N.C. 2002):

> [W]ith respect to whether a Rule 45 subpoena may properly be served on a party, the Court notes that other district courts that have addressed this issue in recent years have taken conflicting positions. For example, in *Hasbro, Inc. v. Serafino*, 168 F.R.D. 99, 100 (D. Mass.1996), the court held that Rule 45 subpoenas are only applicable to non-parties, and that documents sought from parties must be requested pursuant to Rule 34. . . .  Other districts, however, have taken the opposite view. In *Badman v. Stark*, 139 F.R.D. 601 (M.D. Pa. 1991), the court held that, although Rule 34 applies only to parties, "a subpoena under Rule 45 may be served upon both party and non-party witnesses." *Id*. at 603 (citing *Continental Coatings Corp. v. Metco, Inc.*, 50 F.R.D. 382, 384 (N.D. Ill. 1970)); *see also First City, Texas-Houston, N.A. v. Rafidain Bank*, 197 F.R.D. 250, 255 n.5 (S.D.N.Y.2000), *aff'd*, 281 F.3d 48 (2d Cir. 2002) ("While a Rule 45 subpoena is typically used to obtain the production of documents and/or testimony from a non-party to an action . . . nothing in the Federal Rules of Civil Procedure explicitly precludes the use of Rule 45 subpoenas against parties.") (*citing Badman*, 139 F.R.D. at 603).
>
> Moreover, just as the courts are split on this issue, so too are the leading treatises. Wright & Miller's *Federal Practice and Procedure* cites *Hasbro* for the proposition that "[d]iscovery of documents from a party is not accomplished pursuant to Rule 45; a party seeking to compel the production of documents from another party must comply with the relevant discovery rules." Charles Alan Wright & Arthur R. Miller, 9A *Federal Practice and Procedure* § 2452 at n.1 (2d ed. 1995 & Supp. 2001). By contrast, *Moore's*

*United Steelworkers of America v. Government of the Virgin Islands*
2005-CV-0021
Order Regarding Defendant's Motion For Protective Order and to Quash
Page 3

> *Federal Practice,* citing the text of Rule 45, states that it "may be used to subpoena any person--party or nonparty--to produce books, documents, or tangible things at the trial." James Wm. Moore et al., 7 *Moore's Federal Practice* § 34.02[5][c] (3d ed. 1997); *see also* 9 *Moore's Federal Practice* § 45.03[1] (noting that "[s]ubpoenas under Rule 45 may be issued to parties or non-parties"). *Federal Procedure* reaches a similar conclusion. *See* 10A *Federal Procedure, Lawyers Edition* § 26:464 (1994) (stating that "FRCP 45, unlike FRCP 34(a) and (b), applies to nonparties as well as parties") (footnotes omitted).

*Mortgage Information Services, Inc.*, 210 F.R.D. at 564. The Court finds the reasoning applied by that court in finding that Rule 45 subpoenas may be used against party opponents persuasive.

> [T]he Court reaches this conclusion based in large part on a careful review of the text of Rule 45 itself, which reveals that there is no express limitation on the type of person who may be subject to the rule, as its language describes the individual upon whom a Rule 45 subpoena may be served simply as a "person" rather than a "non-party." Had the drafters of Rule 45 intended to restrict its scope to non-parties, they could easily have done so. Indeed, the separate and distinct use of the terms "person" and "person who is not a party" in the text of Rule 45 clearly demonstrates that the drafters were aware of the effect they would have on the scope of the rule's various provisions. For example, the drafters limited the type of person eligible to serve a Rule 45 subpoena by stating in subsection (b)(1) that service may only be accomplished by a "person who is not a party" and is over the age of eighteen. Fed. R. Civ. P. 45(b)(1). They nevertheless elected not to use similar language in describing those subject to service under subsections (a), (c), (d), and (e). The Court must therefore conclude that this was a conscious choice, and that Rule 45, by its terms, was intended to apply to parties and non-parties alike.

*United Steelworkers of America v. Government of the Virgin Islands*
2005-CV-0021
Order Regarding Defendant's Motion For Protective Order and to Quash
Page 4

*Id*. at 565. Consequently, the Court finds that the subpoenas are procedurally correct and were properly issued.

Defendant also objects to the subpoenas at issue on the grounds that they are "burdensome, irrelevant, untimely, oppressive, and can easily be obtained by Plaintiff from its members." Motion at 3. Both Rule 45 and Rule 26 outline reasons for quashing or modifying a subpoena. According to Rule 45, a "court *must* quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; . . . (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A) (emphasis added). Rule 26 permits the court to"for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1).

In the matter at bar, the Court finds that the subpoenas at issue must be quashed pursuant to Rule 45(c)(3)(A)(i) and (iv). The subpoenas were issued on November 20, 2008, with a compliance date of December 4, 2008. Clearly the time allowed to comply with the subpoena is unreasonable. Of greater weight is the volume of documents requested. Defendant contends, and Plaintiff does not deny, that the subpoena would encompass documents related to over 400 government employees with fifteen (15) different government agencies for a six-year time period. Defendant calculates over 62,000 of bi-weekly pay stubs alone, not counting NOPAs and other documents included in the scope

*United Steelworkers of America v. Government of the Virgin Islands*
2005-CV-0021
Order Regarding Defendant's Motion For Protective Order and to Quash
Page 5

of the subpoena. The Court finds that such document production would subject the Department of Finance and Division of Personnel to undue burden. Therefore, the Court will quash the subpoenas.

At the same time, the Court finds the documents at issue relevant and that the information sought should be able to be gathered in a way that is not unduly burdensome. Thus, the Court will deny Defendant's request for a protective order at this time. The Court suggests that the parties meet and confer to devise a way for the information to be exchanged.

Accordingly, it is now hereby **ORDERED**:

1. Defendant's Motion For Protective Order and to Quash Subpoena Duces Tecum Served on the Department of Finance and Division of Personnel (Docket No. 98) is **GRANTED IN PART AND DENIED IN PART**.

2. The subpoenas duces tecum issued by Plaintiff to Government of the Virgin Islands, Department of Finance, and Government of the Virgin Islands, Division of Personnel, dated November 30, 2008, are **QUASHED**.

3. Defendant's Motion For Protective Order is **DENIED WITHOUT PREJUDICE**.

*United Steelworkers of America v. Government of the Virgin Islands*
2005-CV-0021
Order Regarding Defendant's Motion For Protective Order and to Quash
Page 6

ENTER:

Dated: December 1, 2008
                                                  /s/
                                      GEORGE W. CANNON, JR.
                                      U.S. MAGISTRATE JUDGE